IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| D.D.B., | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:22-cv-00137-MTT-CHW |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | Social Security Appeal |
| | : | |
|     Defendant. | : | |
| | : | |

## ORDER

Plaintiff D.D.B. moves for appointment of counsel. (Doc. 19). For the following reasons, Plaintiff's motion (Doc. 19) is **DENIED.**

On March 31, 2022, Plaintiff appealed the final decision of the Commissioner of Social Security denying his application for disability benefits. (Doc. 1). The Court affirmed the Commissioner's decision on August 22, 2023, and judgment was entered in favor of the Commissioner on August 23, 2023. (Docs. 17; 18). Plaintiff moved twice for appointment of counsel during the course of his case, and each motion was denied because no right to counsel exists in civil cases and because Plaintiff had not demonstrated that appointment of counsel was necessary. (Docs. 9; 16).

Plaintiff's motion is due to be denied for the same reasons his previous motions for appointment of counsel were denied—no right to counsel exists in civil cases and Plaintiff has not demonstrated that appointment of counsel is necessary in this case. *See Wahl v. McIver*, 773 F.2d 1169, 1174 (1986) (explaining that appointment of counsel in civil cases is a privilege justified only by exceptional circumstances and that courts should consider the merits of a plaintiff's claims

and the complexity of the case issues when determining if appointment is justified). Moreover, because judgment has been entered in this case and Plaintiff is now proceeding on appeal, it would not be appropriate for this Court to appoint appellate counsel at this stage of the case.

Plaintiff also requests that his appeal be transferred to the Ninth Circuit in the event that the Court does not appoint counsel. Plaintiff claims that his former attorney practices there exclusively, and Plaintiff wants his case to be transferred so that his former attorney may represent him again. However, desiring specific counsel who only practice in another jurisdiction is not a valid reason for transfer. Motions for transfer of venue are governed by 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "[T]he purpose of this section is to prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v.* Barrack, 376 U.S. 612, 616 (1964). To achieve these aims, § 1404(a) "place[s] discretion in the district courts to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc., v. Rioch Corp.*, 487 U.S. 22, 29 (1988). Determining whether a transfer of venue is appropriate is a two-part inquiry. First, it must be determined if the action could have been brought in the proposed venue. *See* § 1404(a). Second, a series of factors must be evaluated based on the totality of the circumstances, including the convenience of witnesses, the location of relevant documents and relative ease of access to sources of proof, the convenience of the parties, the locus of operative facts, the relative means of the parties, the weight accorded to the plaintiff's forum of choice, and trial efficiency and the interests of justice. *See Manuel v. Convergs Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (listing all nine factors for consideration).

No information in previous filings or in Plaintiff's brief suggests that this case has any connection to the Ninth Circuit that would allow Plaintiff to raise a valid argument for transfer. Plaintiff does not claim to have any connections to a district in the Ninth Circuit, none of the relevant medical history or treatment occurred within the Ninth Circuit, and this case has been fully adjudicated within the Middle District of Georgia. *See Knapik v. United States*, 2020 WL 7775429 *1, No. 5:19-CV-185 (TES) (M.D. Ga. Dec. 30, 2020) ("motions to transfer are typically considered at an early stage in a case") (quoting *Jones v. Walgreen Co.*, 463 F.Supp.2d 267, 271 (D.Conn. 2006)). Nothing in this case or Plaintiff's motion suggests that this action could have been brought originally within the Ninth Circuit, and the factors for evaluating motions for transfer weigh against transfer. Therefore, to the extent that Plaintiff's motion should be construed as a motion for transfer of venue, that motion is also **DENIED.**

Accordingly, Plaintiff's motion (Doc. 19) is **DENIED.**

**SO ORDERED**, this 12th day of September, 2023.

                                                          s/ Charles H. Weigle_____
                                                          Charles H. Weigle
                                                          United States Magistrate Judge